FORM B1 (6/90)

**FORM 1. VOLUNTARY PETITION**    94-23762

| United States Bankruptcy Court District of _New Jersey_ | VOLUNTARY PETITION |
|---|---|

| IN RE (Name of debtor - if individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle) |
|---|---|
| Pandorf Associates, Inc. | |
| **ALL OTHER NAMES used by the debtor in the last 6 years** (Include married, maiden, and trade names) | **ALL OTHER NAMES used by the joint debtor in the last 6 years** (Include married, maiden, and trade names) |
| dba and fka Pandorf Associates | |
| SOC.SEC./TAX I.D. NO. (If more than one, state all) None   22-3246320 | SOC.SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code) 301 Greenwood Avenue Midland Park, NJ 07432 | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, and zip code) |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS: Bergen | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | VENUE (Check one box) [✓] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |

**INFORMATION REGARDING DEBTOR (Check applicable boxes)**

| TYPE OF DEBTOR | | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|---|
| [ ] Individual | [ ] Corporation Publicly Held | [ ] Chapter 7   [✓] Chapter 11   [ ] Chapter 13 |
| [ ] Joint (Husband and Wife) | [✓] Corporation Not Publicly Held | [ ] Chapter 9   [ ] Chapter 12   [ ] Sec. 304 - Case Ancillary to Foreign Proceeding |
| [ ] Partnership | [ ] Municipality | FILING FEE (Check one box) |
| [ ] Other _____ | | [✓] Filing fee attached |
| NATURE OF DEBT | | [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| [ ] Non-Business/Consumer | [✓] Business - Complete A & B below | |

A. TYPE OF BUSINESS (Check one box)
[ ] Farming      [ ] Transportation      [ ] Commodity Broker
[ ] Professional [ ] Manufacturing/Mining [ ] Construction
[ ] Retail/Wholesale                     [ ] Real Estate
[ ] Railroad    [ ] Stockbroker          [✓] Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS
Countertop manufacturing/design/sales

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
Nicholas J. DeMarco, Esq
Two Market Street
Paterson, NJ  07501
Telephone No. (201)279-4545

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT DEBTOR
(Print or Type Names)   ND-8610
Nicholas J. DeMarco, Esq

[ ] Debtor is not represented by an attorney

**STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C.A. § 604)**
(Estimates only)(Check applicable boxes)

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[✓] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
1-15 [ ]   16-49 [ ]   50-99 [✓]   100-199 [ ]   200-999 [ ]   1000-over [ ]

ESTIMATED ASSETS (In thousands of dollars)
Under 50 [ ]   50-99 [✓]   100-499 [ ]   500-999 [ ]   1000-9999 [ ]   10,000-99,999 [ ]   100,000-over [ ]

ESTIMATED LIABILITIES (In thousands of dollars)
Under 50 [ ]   50-99 [ ]   100-499 [✓]   500-999 [ ]   1000-9999 [ ]   10,000-99,999 [ ]   100,000-over [ ]

EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY
0 [ ]   1-19 [✓]   20-99 [ ]   100-999 [ ]   1000-over [ ]

EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY
0 [ ]   1-19 [✓]   20-99 [ ]   100-499 [ ]   500-over [ ]

THIS SPACE FOR COURT USE ONLY

© 1991 WEST PUBLISHING COMPANY

Pandorf Associates, Inc.
Name of Debtor _____

FORM B1 - Cont.    Case No. _____
(6/90)

## FILING OF PLAN

For Chapter 9, 11, 12, and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____ is attached.

☑ Debtor intends to file a plan within the time allowed by statute, rule or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
|  |  |  |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
|  |  |  |
| Relationship | District | Judge |
|  |  |  |

### REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title 11, United States Code Annotated specified in this petition.

## SIGNATURES

X _[signature]_     ATTORNEY     Date  06/01/94
Signature

### INDIVIDUAL JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

X _____
Signature of Debtor

Date _____

X _____
Signature of Joint Debtor

Date _____

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct and that the filing of this petition on behalf of the debtor has been authorized.

X _[signature]_
Signature of Authorized Individual

**David Pandorf**
Print or Type Name of Authorized Individual

**President**
Title of Individual Authorized by Debtor to File this Petition

Date  06/01/94

### EXHIBIT "A" (To be completed if debtor is a corporation, requesting relief under Chapter 11.)

☑ Exhibit "A" is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, United States Code Annotated, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, Exhibit B has been completed.

X _____     Date _____
Signature of Debtor

X _____     Date _____
Signature of Joint Debtor

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code Annotated, and have explained the relief available under such chapter.

X _____     Date _____
Signature of Attorney

© 1991 WEST PUBLISHING COMPANY

FORM B1XA
(6/90)

# United States Bankruptcy Court

District of __New Jersey__

In re __Pandorf Associates, Inc. d/b/a and f/k/a Pandorf Associates__
Debtor

Case No. __none as yet__

Chapter __Eleven__

## Exhibit "A" to Voluntary Petition

1. Debtor's employer identification number is __22-3246320__.
2. If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is __none__.

3. The following financial data is the latest available information and refers to debtor's condition on __06/01/94__

    a. Total assets                $ __0.00__
    b. Total liabilities            $ __0.00__

|  | Amount | Approximate number of holders |
|---|---|---|
| Fixed, liquidated secured debt | $ 0.00 | 1 |
| Contingent secured debt | $ 0.00 | 1 |
| Disputed secured claims | $ 0.00 | 1 |
| Unliquidated secured debt | $ 0.00 | 0 |
| Fixed, liquidated unsecured debt | $ 0.00 | 100 |
| Contingent unsecured debt | $ 0.00 | 0 |
| Disputed unsecured claims | $ 0.00 | 1 |
| Unliquidated unsecured debt | $ 0.00 | 0 |
| Number of shares of preferred stock | 0 | 0 |
| Number of shares of common stock | 200 | 1 |

© 1991 WEST PUBLISHING COMPANY

FORM B1XA -
Cont.
(6/90)

Exhibit "A" continued

Comments, if any:
Data is unavailable at this time due to lockout and failure to obtain access to current books and records. Better figures will be provided upon entry to premises.

4. Brief description of debtor's business:
Countertop manufacturing/design/sales

5. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 20% or more of the voting securities of debtor:
David Pandorf

6. List the names of all corporations 20% or more of the outstanding voting securities of which are directly or indirectly owned, controlled, or held, with power to vote, by debtor:

© 1991 WEST PUBLISHING COMPANY

RESOLUTION OF THE BOARD OF DIRECTORS
OF PANDORF ASSOCIATES, INC.

Special Meeting of June 1, 1994

The Board of Directors met at this special meeting to discuss the financial condition of the corporation. After discussion a motion was made and seconded to adopt the following resolution:
Whereas the affairs of the business of this corporation have not been successfully conducted for several months,
Be it therefore resolved that this corporation file its voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court and
Be it further resolved that David Pandorf is hereby authorized to prepare the necessary Petition for relief and by that person's single signature execute all necessary documents and bind this corporation thereby and
Be it further resolved that David Pandorf is hereby authorized to engage the services of any attorney or accountant or both as shall appear necessary to assist in this matter and to reimburse any attorney or accountant so engaged out of the assets of the corporation.
The motion was adopted by a vote of 1 to 0.
There being no further business to come before this meeting, a motion to adjourn was made and seconded and the meeting was adjourned.

_____
Chair

Acting Secretary to the Board of Directors

Affix the corporate seal

# CERTIFICATION OF DAVID PANDORF

DAVID PANDORF, of full age, certifies and says:

1. I am President of Pandorf Associates, Inc. ("Pandorf"), having offices at 301 Greenwood Avenue, Midland Park, New Jersey. I make this certification with full knowledge of the facts contained herein, except as set forth herein.

2. Pandorf is a New Jersey corporation organized under Subchapter S. Pandorf does business as Pandorf Associates, manufacturing, distributing and selling custom kitchen countertops used in kitchen counters for various retailers and manufacturers.

3. Pandorf is a tenant under a lease between Pandorf and Mid-Green Associates ("Mid-Green"), and occupies approximately 18,500 square feet of space therein. Approximately 4,500 square feet of space is sublet to three subtenants: Fine Cabinet Design; Visual Impressions; and Granite Designs. Pandorf receives $1,750.00 per month from all sublet space. Pandorf currently owes approximately $7,455.00 per month to Mid-Green under the lease.

4. Pandorf is a going concern which accepts orders for kitchen countertops, prepares them and ships them, sometimes cash on delivery, sometimes with initial deposit, and sometimes all or part credit, depending on the transaction. Pandorf Associates has been in business for over 45 years, and has developed an excellent reputation as craftsmen with suppliers and contractors in the field. It currently employs ten people, and employed over thirty as recently as 1989.

5. Pandorf admits to having severe cash flow problems over the last three years, due in substance to several factors, including: high overhead, a DuPont "blacklisting," the plethora of new homecenters such as Home Depot and general malaise of the small private kitchen cabinet manufacturing/sales industry as a result, and a breach of contract by one of Mid-Green's partners who

1

promised to rent space but backed out of the deal.

6. As a result, Pandorf failed to meet some of its financial obligations in full to Mid-Green. However, since April 21, 1993, Pandorf has paid to Mid-Green at least $98,649.88 toward its rental and utility obligations to Mid-Green through present, but has been unable to make more than a few payments toward past-due amounts. Mid-Green recently took action against Pandorf for removal from the premises. On Tuesday, May 24, 1994, Pandorf was served with a Warrant of Removal, and was locked out of its premises. A true copy of said Warrant is annexed hereto as Exhibit "A".

7. At the lockout, my receptionist was told by Constable Kenneth Wade that the employees would have ten days to remove personal items, that the business inventory and equipment could remain 30 days at Pandorf's expense and thereafter would be considered abandoned, and that the secured creditors, if any, should be notified. My and my representatives' attempts to contact Constable Wade to make arrangements for the above have met with failure as of 10:30 a.m., June 1, 1994.

8. Pandorf attempted to negotiate with Mid-Green's managing partner, Mel Opper, and its counsel, Randal Chiocca, Esq. over the last week for access to the premises and a release of orders in progress, to no avail. Mr. Chiocca told Pandorf's counsel that Mr. Opper has no desire to negotiate any access issues at this time. Accordingly, Pandorf's only remedy of access appears to involve the filing of a petition in bankruptcy.

9. Immediate access to the leased premises is required for the reasons set forth herein. Delay in this marketplace would irreparably harm the goodwill and good name of Pandorf, and could result in withdrawn orders or work in progress being abandoned by the customers of Pandorf. Ten employees would not have a workplace to go to. Further economic decline of Pandorf is inevitable

and likely to occur swiftly if action is not taken.

10. I am at this time unable to obtain access to the leased premises, so my estimates may not be exact. However, to my best recollection, the following is a ballpark summary of Pandorf's business condition as of today:

(a) Pandorf may have as many as twelve jobs which are fully paid for previously, which are complete, and which are ready to be picked up by customers now. Several of these customers have been in touch with me personally over the last few days to inquire as to when this will happen. The value of these jobs, already received by Pandorf, is estimated to be approximately $10,000.

(b) Pandorf may have as many as twenty jobs which are near completion, and which could be made ready for pickup and payment within a week of gaining access to the premises. The total value of these jobs is estimated at $30,000, of which approximately $4,500 has been paid previously in deposits, leaving a sum of $25,500. Approximately 60 percent of the unpaid billing would be credit terms of 30 days, giving a ten-day discount. The balance would be cash on delivery. Several of these clients have called me as well.

(c) Pandorf may have as many as thirty jobs in which it has confirmed the orders, some of which have previously paid deposits on them. These could take a few weeks to complete. The total value of these jobs is approximately $25,000. Several of these clients are calling to give change orders and check progress.

(d) Just prior to lockout, Pandorf was in the process of confirming a number of orders, and Pandorf has given dozens of quotations which could become orders instantly in the future.

(e) Pandorf's secured creditor, Citizens First National Bank of New Jersey, is owed $68,708.00 as of today (payoff amount). Citizens holds a valid lien on all assets by virtue of its UCC-1 filing.

(f) I believe that the State of New Jersey has filed a tax lien on all property on account of unpaid sales taxes, in the approximate amount of $40,000.

11. Pandorf has been aware that the overhead of its lease with Mid-Green was excessive and prohibitive, and has been trying to find suitable replacement space. Pandorf has sought to terminate the lease for at least two years. On May 17, 1994, Mr. Opper and I met to discuss the situation. At that time, Mid-Green finally acknowledged our request to move into a smaller location, while reserving its rights as to damages, and Mr. Opper encouraged me to try to find new space. That week, Mid-Green received and, to my knowledge, cashed a check in the approximate amount of $1,700.00. One week later, the Constable locked us out of the premises without advance warning.

12. Pandorf has been attempting to obtain an Economic Development Authority loan to purchase industrial property in the Paterson area, and was in the process of applying for the loan when the lockout occurred. Since the lockout, in light of Pandorf's situation, one of Pandorf's suppliers offered immediate occupancy of 7000 square feet on a month-to-month basis, if needed. This might be a satisfactory temporary arrangement while the EDA efforts continue, but without access to our orders, equipment and inventory, cannot be taken advantage of. Our business will be devastated if we cannot gain immediate access, in that customers will refuse to place, or will pull, orders from us, and parties owing us receivables will simply refuse to send money if they know we are closed down. In my opinion, the business reputation of Pandorf which has been built over the last 45 years will be stripped apart in a matter of days.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are wilfully false, I am subject to punishment.

Dated: June 1, 1994

_____
DAVID PANDORF

Docs03:CER01PAN.WPD

## SUPERIOR COURT OF NEW JERSEY

MID-GREEN ASSOC  
Plaintiff-Landlord  

-vs-  

PANDORF ASSOC  
Defendant(s)-Tenant(s)  

301 GREENWOOD AVE  

MIDLAND PARK NJ  

LAW DIVISION, SPECIAL CIVIL PART  
BERGEN COUNTY JUSTICE CENTER  
ROOM 430  
HACKENSACK, NEW JERSEY 07601  
201 645-2245 or 2203  

*** WARRANT OF REMOVAL ***

DOCKET NUMBER LT- 002571-93

OFFICER OF THE SPECIAL CIVIL PART ____K WADE____

YOU ARE HEREBY COMMANDED TO DISPOSSESS THE TENANT AND PLACE THE LANDLORD IN FULL POSSESSION OF THE PREMISES LISTED ABOVE.

TO: PAPANDORF ASSOC                                                                 Tenant(s),
you are to move all persons and property from the premises above within THREE (3) DAYS after receiving this warrant. Do not count Saturday, Sunday and Holidays in calculating the three days. If you fail to move within three days, a Court Officer will thereafter move all persons from the premises between the hours of 8:00 a.m. and 6:00 p.m.

NOTE: IF COMMERCIAL PROPERTY = LOCK OUT IS IMMEDIATE..........

You may be able to stop this warrant and remain in the premises temporarily if you apply to the Court for a hardship stay of eviction. You must apply in person for the stay at the Office of the Clerk of the Special Civil Part - Room 430. Your request must be made to the Clerk within three (3) days after you receive this warrant. Before stopping this warrant, you may be compelled to pay the rent and Court costs that are due.

You may be eligible for temporary housing assistance or other social services. To determine eligibility, you should contact the Bergen County Board of Social Services, 216 Route 17 North, Rochelle Park, N.J. 07662 at 201-368-4200.

WITNESS: ____EUGENE H. AUSTIN J.S.C.____                          /s/ Angelo Cataldo
                                                                                              JUDGE DESIGNATE
DATE: ____3-11-94____

                                                                                              Chief Case Manager

COSTS.........$  20.00                   ANGELO J. CATALDO - CLERK OF THE COURT
                                                       BRAY, CHIOCCA, RAPPAPORT
WARRANT.......$  15.00                   Attorney or Plaintiff-Landlord
                                                       1680 RT 23   SUITE 330
MILEAGE.......$   5.00                   WAYNE NJ 07470

I return this writ 5/24/ 19 94           TELEPHONE #   633-7373
duly served, having dispossessed
the defendant and placed the
claimant in full possession of           DATE NOTICE SERVED: _____
the within described premises.
                                                       /s/ K Wade
EXHIBIT "A"                                            COURT OFFICER

FORM B 203
(1/88)

# United States Bankruptcy Court

**District of** New Jersey

In re  Pandorf Associates, Inc. d/b/a and f/k/a
Pandorf Associates
Debtor

Case No. ___none as yet___

Chapter ___Eleven___

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C.A. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept........................................ $ ___5,000.00___

   Prior to the filing of this statement I have received.............................. $ ___5,000.00___

   Balance Due........................................................................ $ ___0.00___

   Amount of filing fee remaining to be paid........................................... $ ___0.00___

2. The source of the compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
      N/A
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
      Yes
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
      Yes

© 1991 WEST PUBLISHING COMPANY

FORM B 203
Cont.
(1/88)

In re **Pandorf Associates, Inc. d/b/a and f/k/a Pandorf Associates**        Case No. ___none as yet___
                              Debtor

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   N/A

e. [Other provisions as needed]

   Defense of motions/proceedings to dismiss based on procedural problems, but not dischargability or avoidance actions; initial motions/proceedings to enforce automatic stay; initial cash collateral negotiations.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   All work is performed on per hour basis, paid against retainer. See elsewhere herein for limitations to work provided as part of initial fee.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

___06/01/94___                              _[signature]_
   Date                                    Signature of Attorney

                                           Nicholas J. DeMarco, Esq
                                              Name of law firm

---

© 1991 WEST PUBLISHING COMPANY

Pandorf Associates, Inc.
301 Greenwood Avenue
Midland Park, NJ 07432


Nicholas J. DeMarco, Esq
Two Market Street
Paterson, NJ   07501


United States Trustee
One Newark Center
Suite 2100
Newark, NJ   07102


Citizens First Nat. Bank
208 Harristown Road
Glen Rock, NJ   07452


Mid-Green Associates
c/o Randal Chiocca, Esq.
Bray, Chiocca, et. al
1680 Route 23, Suite 330


State of New Jersey
c/o Div. of Taxation
50 Barrack Street
CN-269


United States of America
c/o Internal Revenue
Holtsville, NY   00501

# United States Bankruptcy Court

**District of** New Jersey

In re Pandorf Associates, Inc. d/b/a and f/k/a
Pandorf Associates
_____Debtor_____

Case No. none as yet

Chapter Eleven

## DECLARATION CONCERNING LIST OF CREDITORS

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing list of creditors, and that it is true and correct to the best of my knowledge, information, and belief.

Date_____    Signature_____
                                                    Debtor

Date_____    Signature_____
                                                    (Joint Debtor, if any)
                                              (If joint case, both spouses must sign)

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the ___President___ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the ___Corporation___ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors, and that it is true and correct to the best of my knowledge, information, and belief. This list is the best we could do in light of being separated involuntarily from our books and records, and does not include payables.

Date ___06/01/94___    Signature ___David Pandorf___

David Pandorf
(Print or type name of individual signing on behalf of debtor)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

---

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.A. §§ 152 and 3571.

© 1991 WEST PUBLISHING COMPANY

Pandorf Associates
301 Greenwood Avenue
Midland Park, NJ 07432


Nicholas J. DeMarco, Esq
Two Market Street
Paterson, NJ   07501


United States Trustee
One Newark Center
Suite 2100
Newark, NJ   07102


Citizens First Nat. Bank
208 Harristown Road
Glen Rock, NJ   07452


Mid-Green Associates
c/o Randal Chiocca, Esq.
Bray, Chiocca, et. al
1680 Route 23, Suite 330


State of New Jersey
c/o Div. of Taxation
50 Barrack Street
CN-269


United States of America
c/o Internal Revenue
Holtsville, NY   00501